■ In the Matter of Jodi Yatarola, Respondent, v Michael J. Dowling, Individually and as Commissioner of the New

---

York State Department of Social Services, et al., Appellants. [657 NYS2d 843] —Casey, J. Appeal from a judgment of the Supreme Court (Best, J.), entered October 4, 1995 in Montgomery County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent State Commissioner of Social Services discontinuing petitioner's public assistance benefits.

Prior to February 11, 1994 petitioner, who was receiving public assistance benefits, owned an automobile that the Montgomery County Department of Social Services (hereinafter the Department) considered an exempt resource for the purposes of determining petitioner's eligibility. On that date, the automobile was involved in an accident which rendered it a total loss. When the Department learned that petitioner had received a $2,300 lump-sum insurance settlement for the loss of the vehicle and she did not use the settlement proceeds to purchase another vehicle, it advised petitioner that her public assistance benefits would be terminated for six months. This decision was modified by respondent State Commissioner of Social Services (hereinafter the Commissioner) on administrative appeal by directing the Department to redetermine the period of ineligibility and was otherwise affirmed. Thereupon, petitioner commenced this CPLR article 78 proceeding to annul the Commissioner's determination. Supreme Court granted petitioner's application, holding that the determination was arbitrary. Respondents appeal and we affirm.

The provisions of 18 NYCRR 352.29 (h) (1), which deal with nonrecurring lump-sum payments and on which respondents relied in terminating petitioner's public assistance benefits, contain an exception for sums of money "earmarked and used for the purpose for which it is paid (e.g., monies for * * * replacement or repair of resources)". Respondents claim that when petitioner did not purchase a replacement vehicle, this exception became inapplicable and the lump-sum proceeds were considered income. However, 18 NYCRR 352.23 (e) provides that "[w]hen a resource, either exempt or nonexempt, is sold, the payment received is treated as a resource". Here, petitioner's vehicle, which was considered by respondents as an exempt resource, should continue to be treated as a resource, not income, when converted to a lump-sum cash payment. Inasmuch as respondents have totally ignored the provisions of 18 NYCRR 352.23 (e) without explanation, the determination must be considered arbitrary. We finally note that the remaining paragraphs set forth in 18 NYCRR 352.23 may be applicable to the determination of petitioner's need for public assistance during the relevant time period.

White, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.